(69 Misc. Rep. 265.)

JACKSON v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Trial Term, Richmond County. October, 1910.)

1. INSURANCE (§ 84*)—CONTRACTS WITH AGENT—CONSTRUCTION—ACTION TO RECOVER OVERPAYMENTS—PLEADING.

An agreement between an insurance company and its agent providing that no suit should be maintainable until 10 days after service on the president or secretary by a registered letter of a written claim authorizes communication with distant agents by mail, but does not limit them to demands by mail only, and, where the complaint alleges in an action by an agent to recover overpayments made by mistake that repayment had been duly demanded, an answer setting up the provision requiring demand by mail is insufficient on the face thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 111, 114; Dec. Dig. § 84.*]

2. INSURANCE (§ 84*)—CONTRACTS WITH AGENT—CONSTRUCTION.

An action by an agent to recover overpayments made to an insurance company by mistake is not within the provision of a contract of employment that no suit as to the employment of the agent shall be brought

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after six months from the date of the transfer of the business of said agent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 114; Dec. Dig. § 84.*]

Action by Bernhardt Jackson against the Metropolitan Life Insurance Company. Demurrer to defenses sustained.

Richard J. Donovan (Herbert D. Cohen, of counsel), for demurrer.
Woodford, Bovee & Butcher (Frederick C. Tanner and H. Clark Barber, of counsel), opposed.

PUTNAM, J.   Plaintiff, formerly an agent of defendant, having brought suit for the recovery of $800 alleged to have been overpaid to defendant by mistake, defendant interposed two defenses, claiming that the action was barred.   To these defenses plaintiff demurred.

The first defense, alleging that under the agreement no suit is maintainable until 10 days after service upon the president or secretary of the defendant company by registered letter of a written claim, is met by the allegation in the complaint that repayment of said sum of $800 had been duly demanded.   The requirement of a demand by registered letter cannot be insisted upon, provided a demand was made personally or upon a proper officer of the company, as such a clause is to be construed as inserted to permit communication with distant agents, but not to restrict them to demands by mail only.   In the absence of the entire text of the alleged agreement, such a construction is the more reasonable one to be adopted.

The second defense, alleging that no suit "relating to the employment of said agent should be brought after six months from the date of the transfer of the business of said agent," sets up the adoption of a short term of limitation—a provision which is to be strictly construed.   The question is what kind of a suit is thus to be barred in six months.   The word "employment" may signify the act of hiring (People v. Hyde, 89 N. Y. 11, 17), or the occupation during the agency.   The fact that the six months is to run from the transfer of the business, without regard to the question of any settlement or closing of the accounts, inclines to the narrower construction.   To hold that upon a transfer of the agent's business, without any settlement or adjustment of his accounts, or if a settlement was upon an erroneous and improper statement of such accounts, the agent's rights are to be entirely cut off in six months, would manifestly be unjust.   The payment of money by mistake creates an obligation at the time of such payment for its return—certainly upon the discovery of the error and proper demand—and, if such error was not discovered until after six months, plaintiff's remedy should not be forfeited except by words that are clear and unmistakable.

As, therefore, it does not appear that the present suit relates to the employment of the plaintiff, within this provision of the agreement, the six months' limitation pleaded does not apply.

The demurrer to the first and second defenses is therefore sustained.
Demurrer sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes